UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TIMOTHY KING #247314,

        Plaintiff,        Case No. 2:07-cv-39

v.        HON. ROBERT HOLMES BELL

PATRICIA CARUSO, et al.,

        Defendants.
_____/

**OPINION**

Plaintiff, a prisoner incarcerated at the Alger Maximum Correctional Facility (LMF), filed a complaint pursuant to 42 U.S.C. § 1983. This court denied Defendants' motion for summary judgment on March 17, 2008 (docket #22). Defendants have now filed a motion for reconsideration pursuant to Fed. R. Civ. P. 60 (docket #27). After careful consideration, the court will grant the motion.

In their motion, Defendants state that their motion for summary judgment asserted that Plaintiff had failed to exhaust his administrative remedies. In support of this motion, Defendants noted that, in his complaint, Plaintiff had conceded that he did not file a grievance because the issue had already been grieved in No. LMF 06-08-2815-20e, and had been appealed to step III. In addition, Defendants offered the affidavit of MDOC Manager James Armstrong, in which he attested that Plaintiff had not exhausted his remedies with regard to the allegations in the complaint. In response to the motion for summary judgment, Plaintiff offered copies of grievance number LMF-06-08-2815-20e, in which the Defendants were specifically named and claimed that

they improperly denied his request for a religious diet.  In addition, Plaintiff attached copies of the responses he received at steps II and III.  (*See* Plaintiff's Exhibit 1, attached to his response to the motion for summary judgment.)  Defendants now point out that this grievance was not actually filed by Plaintiff, but by another prisoner, Leon Percival.  A review of the record reveals that Defendants are correct.  Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies.  *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001).  Therefore, the fact that the grievance was not filed by Plaintiff, requires that the court dismiss this action for failure to exhaust administrative remedies.  Accordingly, the court will grant Defendants' motion for reconsideration and plaintiff's complaint will be dismissed.

A judgment consistent with this Opinion will issue.


Dated: September 30, 2008               /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        UNITED STATES DISTRICT JUDGE